UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

       V.                          CRIMINAL NO.  99-10329-DPW (001)

CARLOS RAFAEL               ATTORNEY:
                                   William H. Kettlewell, Esq.

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT PLED GUILTY ON COUNT 1s,3s,4s,5s OF THE INDICTMENT.

ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF SUCH COUNT, WHICH INVOLVED THE FOLLOWING OFFENSE:

| TITLE & SECTION | DESCRIPTION OF CHARGES | COUNTS |
|---|---|---|
| 18 U.S.C. §1001 & 2 | False Statements | 1s |
| 18 U.S.C. §1001 & 2 | False Statements | 3s |
| 18 U.S.C. §1001 & 2 | False Statements | 4s |
| 18 U.S.C. §1001 & 2 | False Statements | 5s |

DATE OFFENSE CONCLUDED: 4/29/92 (count 1s); 9/10/97 (counts 3s & 4s); 8/5/97 (count 5s)

COUNTS TO BE DISMISSED: 2s

THE DEFENDANT IS SENTENCED AS PROVIDED IN PAGES 2 THROUGH 5 OF THIS JUDGMENT. THE SENTENCE IS IMPOSED PURSUANT TO THE SENTENCING REFORM ACT OF 1984.

DEFENDANT'S SOC.SEC. NO.        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

DEFENDANT'S DATE OF BIRTH:     6/29/52

DATE SENTENCE IMPOSED:        1/16/01

DEFENDANT'S RESIDENCE ADDRESS:  77 Tucker Lane
                                          North Dartmouth, MA 02747

DEFENDANT'S MAILING ADDRESS:    SAME

U.S.M. NO.:                        15698-038

DATED: January 16, 2001          Hon. Douglas P. Woodlock
                                        U.S. District Judge

DEFENDANT: CARLOS RAFAEL           PAGE 2 OF 5
CRIMINAL NO.:99-10329-DPW (001)

## IMPRISONMENT

     THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF:

<u>0  MONTHS</u>

_____THE COURT MAKES THE FOLLOWING RECOMMENDATION TO THE BUREAU OF PRISONS:

_____THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

_____THE DEFENDANT SHALL SURRENDER TO THE UNITED STATES MARSHAL FOR THIS DISTRICT AT _____.

_____AS NOTIFIED BY THE UNITED STATES MARSHAL.

_____THE DEFENDANT SHALL SURRENDER FOR SERVICE OF SENTENCE AT THE INSTITUTION DESIGNATED BY THE BUREAU OF PRISONS,

    _____BEFORE 2 PM ON_____.

    _____AS NOTIFIED BY THE UNITED STATES MARSHAL.

    _____AS NOTIFIED BY THE PROBATION OFFICE.

## RETURN

I HAVE EXECUTED THIS JUDGMENT AS FOLLOWS: _____

_____

_____

DEFENDANT DELIVERED ON_____TO_____

AT_____WITH A CERTIFIED COPY OF THIS JUDGMENT.

_____
UNITED STATES MARSHAL

BY:_____
    DEPUTY MARSHAL

DEFENDANT: CARLOS RAFAEL                PAGE 3 OF 5
CRIMINAL NO.:99-10329-DPW (001)

## FINES, SPECIAL ASSESSMENTS, RESTITUTION

IT IS ORDERED THAT THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $100 ON EACH OF COUNTS 1S, 3S, 4S AND 5S, FOR A TOTAL OF $400. THE SPECIAL ASSESSMENT SHALL BE PAID IMMEDIATELY.

A FINE OF $10,000 IS IMPOSED.

## PROBATION

THE DEFENDANT IS HEREBY PLACED ON PROBATION FOR A TERM OF TWO (2) YEARS. THE TERM OF PROBATION IS 2 YEARS ON COUNTS 1s, 3s, 4s & 5s, TO RUN CONCURRENTLY.

### STANDARD CONDITIONS OF PROBATION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARLOS RAFAEL                PAGE 4 OF 5
CRIMINAL NO.:99-10329-DPW (001)

## SPECIAL CONDITIONS OF PROBATION

WHILE ON PROBATION:

1. THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.

2. THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT) THAT ARE DESCRIBED AT U.S.S.G. §5B1.3(c).

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE.

5. THE DEFENDANT SHALL PAY THE BALANCE OF THE FINE ACCORDING TO A COURT ORDERED PAYMENT SCHEDULE.

6. THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER, UNLESS THE DEFENDANT IS IN COMPLIANCE WITH THE PAYMENT SCHEDULE.

7. THE DEFENDANT IS TO PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.

8. THE DEFENDANT IS TO SERVE 6 MONTHS IN HOME DETENTION WITH ELECTRONIC MONITORING AND PAY A FEE OF $4.25 FOR EACH DAY UNDER ELECTRONIC MONITORING.

DEFENDANT: CARLOS RAFAEL            PAGE 5 OF 5
CRIMINAL NO.:99-10329-DPW (001)

## STATEMENT OF REASONS

__X__ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT.

OR

____ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT EXCEPT: (see attachment if necessary):


GUIDELINE RANGE DETERMINED BY THE COURT:

| | |
|---|---|
| TOTAL OFFENSE LEVEL: | 9 |
| CRIMINAL HISTORY CATEGORY: | I |
| IMPRISONMENT RANGE: | 4 to 10 months |
| SUPERVISED RELEASE: | 2 to 3 years |
| FINE RANGE: | $1000 to $10,000 |

____ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

RESTITUTION:                         n/a

__X__ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

____ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

____ upon motion of the government, as a result of defendant's substantial assistance.

____ for the following reason(s):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

v.                                                    CRIMINAL NO. 99-10329-DPW

**CARLOS RAFAEL**

### NOTICE TO DEFENDANT OF APPEAL RIGHTS

**WOODLOCK, D.J.**

Judgment in the above entitled matter was imposed on JANUARY 16, 2001. The defendant is hereby notified of the right to Appeal the Judgment within 10 days of Entry of Judgment.

The defendant and his counsel are directed to the provisions of First Circuit Local Rule 12(b), providing that an attorney who has represented a defendant in a criminal case in the District Court will be responsible for representing the defendant on appeal until the attorney is relieved of such duty by the Court of Appeals. Detailed procedures for withdrawal in criminal cases are found in First Circuit Local Rule 46.6.

BY THE COURT,

**January 16, 2001**

*Rebecca Greenberg*
**Deputy Clerk**